# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ERON M. HATCHETT, ) | |
| ) | |
| *Plaintiff,* ) | No. 3:09-cv-00680 |
| ) | Judge Nixon |
| v. ) | Magistrate Judge Bryant |
| ) | |
| POTLUCK ENTERPRISES, INC., d/b/a ) | |
| ASHLEY FURNITURE HOMESTORES, ) | |
| ) | |
| *Defendant.* ) | |

## ORDER

Pending before the Court are Defendant Potluck Enterprises, Inc., d/b/a Ashley Furniture Homestores' ("Defendant" or "Potluck") Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Response to Defendant's Statement of Undisputed Material Facts (Doc. No. 23) and Memorandum in Support (Doc. No. 24), as well as Defendant's Motion to Strike Plaintiff's Motion for Summary Judgment (Doc. No. 25) and Memorandum in Support (Doc. No. 26). Plaintiff filed responses to each Motion to Strike. (Doc. Nos. 27 & 28.)

For the reasons stated below, Defendant's Motions to Strike are **DENIED**. Defendant is **ORDERED** to reply to Plaintiff's Statement of Additional Material Facts (Doc. No. 20) pursuant to Local Rule 56.01(d) within 10 days of the filing of this order, or these facts will be deemed admitted for purposes of resolving pending motions for summary judgment.

**I. BACKGROUND**

Plaintiff Hatchett filed the Complaint in this case on July 27, 2009, alleging that Defendant Potluck, Hatchett's former employer, had engaged in race-based discrimination

against him in violation of Title VII of the U.S. Code and the Tennessee Human Rights Act (Doc. No. 1), to which Defendant filed an Answer on September 28, 2009 (Doc. No. 6). An Initial Case Management Order was signed by Magistrate Judge Bryant on September 21, 2009 (Doc. No. 5), setting a discovery deadline of April 2, 2010, a dispositive motions deadline of April 30, 2010, a pretrial conference date of September 10, 2010, and a jury trial date of September 21, 2010.

On April 30, 2010, Defendant filed a Motion for Summary Judgment (Doc. No. 15) and Memorandum in Support (Doc. No. 16), to which Plaintiff filed a Response in Opposition and Counter Motion for Summary Judgment ("Counter Motion") on June 1, 2010 (Doc. No. 19). On June 11, 2010, Defendant submitted a Reply Brief (Doc. No. 22) as well as the two Motions to Strike (Doc. Nos. 23 & 25) under consideration in this Order, the latter of which Plaintiff addressed in Responses filed on June 14, 2010 (Doc. Nos. 27& 28). On August 27, this Court continued the pretrial conference and trial in this case until the parties' Motions for Summary Judgment were resolved. (Doc. No. 29.) Prior to resolving these motions, however, the Court must determine whether Defendant's Motion to Strike Plaintiff's responsive filings and Counter Motion will be granted.

**II.     ANALYSIS**

    *A. Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Response to Defendant's Statement of Undisputed Facts*

Defendant argues that Plaintiff's Response to Defendant's Motion for Summary Judgment and Response to Defendant's Statement of Undisputed Material Facts (Doc. No. 19) should be stricken because it was filed thirty-two days after the filing of Defendant's Motion for Summary Judgment, while the Case Management Order (Doc. No. 5) provided a thirty-day period to respond to a dispositive motion. (Doc. No. 24 at 1.) Because of this, Defendant also

requests that Summary Judgment be entered in its favor, or, in the alternative, that Defendant's Statement of Undisputed Material Facts should be deemed admitted. (Doc. No. 24 at 2.) Plaintiff responds that the thirtieth day following Defendant's filing of its Motion for Summary Judgment on April 30, 2010, fell on May 30, 2010—the Sunday of Memorial Day weekend—such that its response to the motion was not due until Tuesday, June 1, 2010, when the response was in fact filed. (Doc. No. 27 at 1.) Plaintiff also argues that Defendant's Motion to Strike is not cognizable under the Federal Rules of Civil Procedure as motions to strike apply only to pleadings, and Plaintiff's responses do not constitute pleadings. *Id.*

Regardless of the propriety of Defendant's Motion to Strike under the Federal Rules of Civil Procedure, which the Court will take up in the next section, Defendant's argument that Plaintiff's Response to its Motion for Summary Judgment and Statement of Undisputed Facts does not succeed. As Plaintiff explains in its Response to the Motion to Strike, the timing of its filings was in compliance with the Initial Case Management Order. It is undisputed that the thirtieth day after the April 30 filing of Defendant's Motion to Dismiss fell on May 30. However, that date was a Sunday, and the subsequent Monday, May 31, was Memorial Day. According to Rule 6(a)(1)(C), in computing time, the court should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Memorial Day is a "legal holiday." Fed. R. Civ. P. 6(a)(6)(A). Thus, the thirty-day response period set out in the Case Management Order ended on Tuesday, June 1. Plaintiff's filing of its responsive brief was timely and Defendant's arguments are without merit.

Accordingly, Defendant's Motion to Strike Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Response to Defendant's Statement of Undisputed Material Facts is **DENIED.**

*B. Motion to Strike Plaintiff's Counter Motion for Summary Judgment*

Defendant also argues that Plaintiff's Counter Motion for Summary Judgment should be stricken because it was filed on June 1, 2010, after the April 30, 2010 deadline for dispositive motions established in the Initial Case Management Order. (Doc. No. 26 at 1.) Plaintiff explains he would have filed his motion for summary judgment sooner had he known of contents of the Affidavit of Jason Seavers included with Defendant's Motion for Summary Judgment (Doc. No. 19 at 1, n. 1), and again argues that Defendant's Motion to Strike is not cognizable under the Federal Rules of Civil Procedure (Doc. No. 28 at 1-2). The Motion to Strike argues that Plaintiff had long known about Seavers and then delayed in filing his Counter Motion once made aware of Seavers' affidavit, that allowing the Counter Motion to proceed would prejudice Defendant, and that the Counter Motion lacks merit and is intended to deflect attention from Defendant's own Motion for Summary Judgment. (Doc. No. 26 at 2-4.)

Generally speaking, "a district court has broad discretion to manage its own docket," such that the court may choose to accept a tardy motion for summary judgment. *American Civil Liberties Union of Kentucky v. McCreary County, Ky.*, 607 F.3d 439, 451 (6th Cir. 2010), *petition for cert. filed*, __ U.S.L.W. __ (U.S. Oct. 27, 2010) (No. 10-566). There, the Sixth Circuit upheld a district court's decision to deny a motion to strike a renewed motion for summary judgment without seeking leave to file, as well as introduction of new facts, over a year after the deadline for dispositive motions and close of discovery. *Id.* at 451 (noting that the court converted the motion for summary judgment into a Rule 60(b) motion for relief from judgment).

No mention was made of the possible impropriety of the motion to strike a motion. In *Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824 (6th Cir. 2005), the Sixth Circuit reviewed a district judge's handling of a motion to strike a motion for summary judgment filed after the deadline for dispositive motions, also making no mention of the perhaps flawed form of the motion. There, the circuit court found that "[t]he district court correctly analyzed [a late motion for summary judgment] as a request to modify the scheduling order," to be analyzed under the "good cause" standard of Rule 16(b)(4) for modifying a schedule. *Id.* at 830. The court affirmed the district court's finding of good cause for delay (discovery material was not submitted until after the dispositive motion deadline, other motions had been allowed to be filed late, and the motion pertained to justiciability) and no prejudice to the non-movants in denying the motion to strike (the motion was only two weeks late, and there was no indication the outcome of the motion would have been different had it be filed on time). *Id.* at 830.

It is true that Rule 12(f) provides for a motion to strike that applies only to pleadings, a category of filings defined in Rule 7(a) that does not include motions, and Plaintiff argues that this renders Defendant's motions to strike non-cognizable. Plaintiff relies on *Johnson v. Manitowoc Boom Trucks, Inc.*, 406 F.Supp.2d 852, 864 n. 10 (M.D. Tenn. 2005), in which a Magistrate Judge in this District noted that a party's motion objecting to the opinions of an expert, filed as a Rule 12(f) motion to strike, was in fact a motion in limine, as a Rule 12(f) motion to strike relates only to pleadings. Plaintiff also cites *Dawson v. City of Kent*, 682 F.Supp. 920, 922 (N.D. Ohio 1988), *aff'd*, 865 F.2d 257 (6th Cir. 1988), which, in considering a motion to strike an affidavit, stated: "The federal rules make only one reference to a motion to strike in Rule 12(f). This rule relates only to pleadings and is inapplicable to other filings." Neither of these cases addresses a motion to strike an opponent's motion, while *American Civil*

*Liberties Union of Kentucky v. McCreary County, Ky.* and *Andretti* each indicate that such a motion is proper and may be considered by a district court. Thus, Plaintiff's argument on this point fails.

If the Court pursues the line of analysis followed in the latter cases, however, it is clear that the motion to strike may and should be denied. In its discretion, the Court treats Plaintiff's Counter Motion filed after the deadline for dispositive motions as a motion to modify the scheduling order, as in *Andretti*, and finds that its late filing was for good cause and causes no prejudice to Defendant. Plaintiff filed its Counter Motion along with its timely Response to Defendant's Motion for Summary Judgment only a month after the deadline for dispositive motions. Plaintiff asserts that the filing would have been made earlier but for learning of the content of Mr. Seavers' affidavit once Defendant's Motion for Summary Judgment had been filed on April 30. (Doc. No. 19 at 1, n. 1.) This delay appears to have been the product of surprise and is excusable, although it is possible, as Defendant suggests, that Plaintiff had not previously deposed Mr. Seavers due to tactical considerations. Nor is the Court compelled by Defendant's argument that considering the Counter Motion will cause prejudice because the April 2 discovery deadline had passed by the time Plaintiff filed the Counter Motion and trial, at the time Defendant filed its motions to strike, was just over three months away. (Doc. No. 26 at 2.) Discovery had ended prior to the filing of Defendant's own Motion for Summary Judgment on April 30, too, and trial has been delayed until the motions for summary judgment in this case are resolves. Thus, Defendant's second Motion to Strike Plaintiff's Motion for Summary Judgment is **DENIED**.

### III. CONCLUSION

Having determined that Defendant's Motions to Strike are **DENIED**, the Court **ORDERS** Defendant to respond to Plaintiff's assertion of additional facts by filing a reply statement pursuant to Local Rule 56.01(d) within ten days. If Defendant would like to file a response to the Counter Motion beyond what is already contained in its filings in this case, the Court **ALLOWS** Defendant to do so within 20 days.

It is so ORDERED.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT